# IN THE COURT OF APPEALS OF IOWA

No. 24-1797
Filed November 13, 2025

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**GARRETT MICHAEL CONDON,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


　　　A criminal defendant argues that the district court abused its discretion by

considering an improper factor in its imposition of a prison sentence. **AFFIRMED.**


　　　Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

　　　Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney

General, for appellee.


　　　Considered without oral argument by Ahlers, P.J., and Chicchelly and

Sandy, JJ.

**SANDY, Judge.**

Garrett Michael Condon alleges that the district court abused its discretion by considering an improper factor in its imposition of a prison sentence. Because the district court did not abuse its discretion in sentencing, we affirm.

## I. Statement of Facts & Procedural Background.

Condon was charged in Scott County, Iowa, following a series of incidents in April 2024 involving property damage and arson connected to his former romantic partner, C.M.

Condon and C.M. had been in a relationship for approximately four years before ending their relationship in November 2023. After the breakup, Condon continued to contact C.M. by phone and text. In February 2024, the two encountered one another while driving, during which Condon pursued C.M. and struck her vehicle. Following that incident, C.M. relocated to another residence without disclosing her location to Condon.

In the early morning hours of April 7, 2024, a fire occurred at the Davenport home of C.M.'s mother. Two of her pets were rescued from the second-floor balcony; a third pet died due to smoke inhalation. Evidence showed that Condon used an incendiary device to start the fire with the intent to damage the property. During the same time frame, Condon caused additional damage to the property by cutting the side of an above-ground swimming pool and spray-painting several vehicles parked at the residence.

Later that evening, C.M. encountered Condon at a local skate park. He approached her vehicle, jumped onto the hood, and kicked the windshield until it cracked. That night, she received a phone call from an unidentified number and

recognized Condon's voice. According to the minutes of testimony, he threatened to "finish the job" if she did not meet him.

At approximately 9:30 p.m. that same day, Condon went to the Davenport residence of C.M.'s friend where he broke a window, damaged a television by throwing bricks, and spray-painted both the home and a detached garage. He was arrested in Moline, Illinois later that month.

The State initially charged Condon with five counts, including first-degree arson, first-degree criminal mischief, and stalking while in possession of a dangerous weapon. Pursuant to a plea agreement, Condon pleaded guilty to four lesser-included offenses: second-degree arson, two counts of second-degree criminal mischief, and stalking as an aggravated misdemeanor. The State agreed to dismiss the remaining count at his cost, and the parties were free to make separate sentencing recommendations while agreeing that any term of incarceration would run concurrently.

A presentence investigation report (PSI) was prepared. The report recommended a suspended sentence with placement at a residential correctional facility, noting Condon's prior successful completion of probation, his employment history, and documented struggles with mental health and substance abuse. The PSI concluded that structured supervision and treatment would address these issues while allowing him to maintain employment and pay restitution.

At sentencing, the State urged the district court to impose imprisonment on all counts, citing the seriousness of the offenses and their impact on the victims. The defense sought a deferred judgment or suspended sentences consistent with

the PSI recommendation. Condon addressed the court, expressing remorse for his conduct and attributing his actions to a period of mental health instability.

The district court denied the request for deferred judgment or probation and imposed concurrent sentences of ten years for second-degree arson, five years on each count of second-degree criminal mischief, and two years for stalking, along with corresponding fines. The court stated that it had considered the PSI, the nature and gravity of the offenses, and the impact on the victims, emphasizing that the arson of an occupied structure was "extremely troubling." The court observed that Condon appeared to have done better in a "controlled environment" than in a less controlled one and concluded that incarceration was appropriate both to protect the public and to provide rehabilitative programming within the Iowa Department of Corrections.

Condon filed a timely notice of appeal challenging only the sentence and asserting that the district court abused its discretion when it relied on an improper factor. He argues the court's remarks that Condon appeared to do better in a "controlled environment" than in a less controlled environment were improper.

## II.    Standard of Review.

A sentencing court's decision to impose a specific sentence that falls within the statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

We afford sentencing judges a significant amount of latitude because of the "discretionary nature of judging and the source of the respect afforded by the appellate process." *Id*. at 725. The defendant must overcome the presumption of

regularity when challenging a court's sentence. *See State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983).

### III. Analysis.

A sentencing court cannot rely on an improper factor when imposing its sentence, "even if it was merely a 'secondary consideration.'" *State v. Schooley*, 13 N.W.3d 608, 618 (Iowa 2024) (citation omitted).

Condon's challenge is based on the court's statement that it appeared Condon did better in a controlled environment as opposed to a less controlled one. Condon contends that what the court meant by a "less-controlled environment" was probation, and what it meant by "controlled environment" was prison. And Condon argues this conclusion is contrary to the information in the PSI because Condon had not served time in jail or prison on his prior offenses.

In *State v. Formaro*, the supreme court explained why the sentencing court is afforded discretion in crafting a defendant's sentence to further goals, including rehabilitation of the offender and protection of the community:

> In applying the abuse of discretion standard to sentencing decisions, it is important to consider *the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses.* It is equally important to consider the host of factors that weigh in on the often-arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. Furthermore, before deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing. The application of these goals and factors to an individual case, of course, will not always lead to the same sentence. Yet, this does not mean the choice of one particular sentencing option over another constitutes

error.  Instead, it explains the discretionary nature of judging and the source of the respect afforded by the appellate process.

638 N.W.2d at 724–25 (emphasis added) (internal citations omitted).

Here the district court gave valid reasons for declining to suspend Condon's prison sentence and did not rely on an improper factor by mentioning a controlled environment as one in which Condon will better be rehabilitated.  Considering Condon's behavior and failure to manage his mental health and substance abuse issues on his own, prior to his arrest and jailing, it was reasonable for the court to determine that Condon did better in a "controlled environment" such as jail or prison.  These were proper considerations by the court that speak to the sentencing goals of protecting the public and providing for Condon's rehabilitation. *See* Iowa Code § 901.5 (2024).

Condon had to "overcome the presumption in favor of the sentence by affirmatively demonstrating the court relied on an improper factor." *State v. Goble*, 4 N.W.3d 700, 704 (Iowa 2024) (quoting *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020)).  He has failed at doing so.  We find the district court properly exercised its discretion in making its sentencing decision and did not rely on an improper factor.  We therefore affirm the sentence imposed.

**AFFIRMED**.